■ SUEY-ART REST., INC., Respondent, v. 50TH TAFT CORP., Appellant.— Order, Supreme Court, New York County, entered on January 29, 1973, granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment, unanimously modified, on the law, to the extent of denying summary judgment to plaintiff, and otherwise affirmed, and judgment of said court entered thereon on February 8, 1973, reversed, on the law, and vacated, without costs and without disbursements. Suey-Art Restaurant, Inc. (Suey-Art) entered into a lease agreement with 50th Taft Corp. (Taft) in February, 1971, which involved the use of a portion of Taft's premises as a restaurant. There was an initial three-month rent moratorium to permit the completion of alterations, but Suey-Art did pay $25,000 as advance rent at the time the lease was negotiated. Two lease provisions are of paramount importance: Article 62 of the lease rendered it subject to the terms and conditions of a union contract which resulted in negotiations and subsequent arbitration between Suey-Art and the union; and article 41 of the lease provided for an option to cancel, should a liquor license not be obtained "by or before June 1, 1971." Suey-Art filed an application with the Alcoholic Beverage Control Board (Board). After a ruling by the arbitrator of the union dispute, determining that Suey-Art had to employ persons not originally contemplated for hiring, Suey-Art informed the Board that 19 of 24 investors withdrew from the business but provided no documentary basis for that statement. On April 12, Suey-Art's counsel asked that consideration of the license application be deferred for two weeks. Suey-Art then advised the Board that no new investors were joining the venture. On June 1, Suey-Art elected to cancel the lease and requested the return of the $25,000 deposit. On June 2, its license application was denied and Suey-Art made no application for review of that determination. The landlord, Taft, refused to return the $25,000 deposit on the ground that article 41 of the lease, while providing for the option of cancellation by the tenant, also required said tenant to pursue the license application with due diligence. These factual issues, namely, whether due diligence was exercised and whether there was a factual basis in the statement that 19 investors withdrew from the venture, preclude the granting of summary judgment (cf. *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395). Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.